UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| TROY GARDNER, | ) |
| Plaintiff, | ) Civil Action No. 5:25-CV-180-CHB |
| v. | ) |
| LEON BUCHANAN, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Troy Gardner is a resident of Winchester, Kentucky. Gardner has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1]. The Court has granted Gardner *pauper* status in a separate Order. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Gardner alleges that in September 2023, Lexington Police Officer Leon Buchanan fabricated evidence during a preliminary hearing when he testified that he had seen Gardner exchange cash for a baggie of drugs. [R. 1, p. 2]. As a result of these events Gardner was arrested and criminally charged, although the prosecution was dismissed in July 2024. *See Commonwealth v. Gardner*, No. 23-CR-1067 (Fayette Cir. Ct. 2023).[1] Gardner further alleges that since April 2024 Vice Mayor Linda Gorton

---

[1] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=CI&caseNumber=23-CR-01067&caseTypeCode=CR&client_id=0 (last visited June 2, 2025).

and Chief Lawrence Weathers "have been assisting Buchanan with suppressing the aforementioned fabrications by refusing to give to the Plaintiff the location informations that he has requested from them in his verified complaint and civil actions that corroborated the aforementioned fabrications." [R. 1, p. 3]. Gardner names "LFUCG" – presumably the Lexington-Fayette Urban County Government – as a defendant, but he makes no allegations against it in his complaint.

Gardner acknowledges that he has filed suit regarding the same facts before, and that the matter is still pending in the Circuit Court of Fayette County, Kentucky. *See* [R. 1, p. 7 (*referencing Gardner v. Fayette County, et al.*, No. 24-CI-555 (Fayette Cir. Ct. 2024) (from now on, "*Gardner I*")]. A review of the complaint filed in *Gardner I* in February 2024 indicates that it involves many of the same facts and parties as this matter. On April 8, 2024, the Fayette Circuit Court dismissed the claims against LFUCG, Vice Mayor Gorton, and Chief Weathers. However, the Court did not enter a judgment effectuating that dismissal, and *Gardner I* remains pending against Buchanan.[2]

As this Court determined in another recent case filed by Gardner, abstention is warranted pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) in light of Gardner's long-pending state court case asserting these same claims. *See Gardner v. Colvin*, No. 5:25-CV-145-GFVT (E.D. Ky. May 13, 2025). "Under *Colorado River*, 'considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts.'" *Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 144 (6th Cir. 2023) (*quoting Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998)). In determining whether *Colorado River* abstention is appropriate, the Court first decides whether the two proceedings are actually parallel. *Romine*, 160 F.3d at 339 (*citing Crawley v. Hamilton County Comm'rs,* 744 F.2d 28 (6th Cir. 1984)). Here, the facts, parties, and claims in *Gardner I* and this case

---

[2] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=CI&caseNumber=24-CI-00555&caseTypeCode=PIOTH&client_id=0 (last visited June 2, 2025).

are closely aligned, so the necessary parallelism is present.  *Romine* at 340 ("'[E]xact parallelism' is not required; '[i]t is enough if the two proceedings are substantially similar.'") (*quoting Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir. 1989)).

*Colorado River* and its progeny direct the Court to next consider a non-exclusive list of specific factors pertinent to the case at hand to determine whether abstention is appropriate.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983).  These may include:

(1) whether the state court has assumed jurisdiction over any *res* or property;
(2) whether the federal forum is less convenient to the parties;
(3) avoidance of piecemeal litigation;
(4) the order in which jurisdiction was obtained;
(5) whether the source of governing law is state or federal;
(6) the adequacy of the state court action to protect the federal plaintiff's rights;
(7) the relative progress of the state and federal proceedings; and
(8) the presence or absence of concurrent jurisdiction.

*See Colorado River*, 424 U.S. at 818-19; *Moses H. Cone,* 460 U.S. at 23-28; *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655 (1978).  Here, only the first two factors weigh against abstention: the state court has not taken control of any specific property, and both proceedings are similarly convenient to the parties.  The remainder point uniformly towards abstention.  The most important factor is the avoidance of piecemeal litigation, *see Romine*, 160 F. 3d at 341 (*citing Moses H. Cone*, 460 U.S. at 19), a result which can only be avoided by abstaining in the present matter.  Further, the Fayette Circuit Court obtained jurisdiction in *Gardner I* more than one year before Gardner filed this action, and the record in that case reveals that dozens of motions have been filed, the pleadings twice amended, numerous hearings scheduled and held, and discovery conducted.  Gardner asserts both federal and state law claims in that action, matters over which the state and federal courts possess concurrent jurisdiction.  Further, there is no indication that the courts of Kentucky do not provide an adequate forum to vindicate Gardner's assertion of federal claims.  These factors overwhelmingly support abstention in the circumstances present here.  The Court will therefore stay this action pending the conclusion of *Gardner I*.

Accordingly, it is **ORDERED** as follows:

1. The Court **ABSTAINS** from the exercise of jurisdiction over Gardner's claims at this time.

2. The Court **STAYS** this matter pending the completion of proceedings in *Gardner I*.

3. **Every sixty (60) days**, Gardner shall **FILE** a report briefly explaining the status of proceedings in *Gardner I*.

4. The Court will dismiss this action without prejudice for failure to prosecute and failure to comply with an Order of the Court if Gardner fails to file timely and sufficient status reports.

This the 4th day of June, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY